**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Shivan Bassaw, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Corner Furniture Discount Center, Inc.,<br><br>Defendant. | DOCKET NO. 23-cv-559 (JPC) (GWG)<br><br>**ANSWER** |

Defendant Corner Furniture Discount Center, Inc., by and through its undersigned attorneys, answers the complaint of plaintiff Shivan Bassaw as follows:

### **INTRODUCTION**

1. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. With respect to the remaining allegations of the paragraph, defendant admits that plaintiff purports to assert those claims but denies that the claims have merit.

2. Defendant admits that the website offers goods for sale and provides information about those goods. The remaining allegations of this paragraph are denied.

3. The allegations of this paragraph relating to the website are denied. The remainder of this paragraph does not assert any allegations against defendant, but instead speaks in vague generalities about the law; to the extent a response is required, defendant denies the accuracy of those generalizations.

4. Defendant admits that the Department of Justice issued the quoted statement, which speaks for itself.

5. Denied.

6. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

7. Denied.

8. Defenant admits that plaintiff seeks such relief, denies that there is any class seeking any such relief, and denies plaintiff's entitlement to any relief.

**JURISDICTION AND VENUE**

9. Admitted that the court has subject-matter jurisdiction over cases brought under the specified statute, but denied on the grounds that plaintiff lacks standing to assert these claims.

10. This paragraph contains legal argument rather than factual allegations which need be admitted or denied.

11. Admitted.

12. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

13. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. Defendant admits that it is subject to personal jurisdiction in this District. The remaining allegations of this paragraph are denied.

## THE PARTIES

14. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

15. Defendant admits that it is a corporation organized under the laws of the state of New York, and that it operates a website. The remaining allegations of this paragraph are denied.

## SUBSTANTIVE ALLEGATIONS

16. This paragraph contains no allegations about defendant that need be admitted or denied.

17. This paragraph contains no allegations about defendant that need be admitted or denied.

18. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is

without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

19. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

20. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

21. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

22. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

23. Admitted that the specified guidelines have been published. Denied that the guidelines are required to be followed for compliance. The remaining allgations of this paragraph are denied.

24. Admitted that the specified standards have been promulgated. Denied that these standards, which apply to different parties under a different law, are relevant to this case.

25. Denied.

26. Denied.

27. Defendant admits that it owns and operates a website that sells the specified products, and that the website provides information about the company as well.

28. Denied.

29. Denied.

30. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph, relating to the website, are denied.

31. Admitted that the website is available on the Internet. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph, relating to the accessibility of the website, are denied.

32. Denied.

33. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. Any allegations of this paragraph

implying that the website is inaccessible are denied.

34. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. Any allegations of this paragraph implying that the website is inaccessible are denied.

35. Denied.

36. Denied.

37. Denied.

38. The allegations of this paragraph relating to the website are denied, except admitted that defendant has invested sums in developing its website.

## **CLASS ACTION ALLEGATIONS**

39. Admitted that plaintiff seeks to certify such a class and subclass. Denied that plaintiff is entitled to do so.

40. This paragraph contains no allegations about defendant that need be admitted or denied.

41. Denied.

42. Admitted that the first two of the cited questions are common; denied that the third one is.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT I
### (VIOLATIONS OF THE ADA, 42 U.S.C. § 12101 *et seq.*)

47. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-46 as if fully set forth herein.

48. Admitted that plaintiff has accurately, though only partially, quoted a statute.

49. This paragraph contains legal argument that need not be admitted or denied. To the extent a response is required, the allegations of this paragraph are denied.

50. This paragraph contains legal argument that need not be admitted or denied. To the extent a response is required, the allegations of this paragraph are denied, except admitted that defendant owns and operates the website.

51. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

52. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

53. Admitted that plaintiff has accurately, though only partially, quoted a statute.

54. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

55. Denied.

56. Denied.

## COUNT II
## (VIOLATIONS OF THE NYCHRL, NYC ADMINISTRATIVE CODE § 8-101 et seq.)

57. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-56 as if fully set forth herein.

58. Admitted that plaintiff has accurately, though only partially, quoted a statute.

59. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied, except admitted that defendant owns and operates the website.

60. Denied.

61. Admitted that plaintiff has accurately, though only partially, quoted a statute.

62. Denied.

63. Denied.

## COUNT III
## (DECLARATORY RELIEF)

64. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-63 as if fully set forth herein.

65. Denied.

66. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring these claims.

2. Plaintiff's allegations fail to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

5. The relief requested by plaintiff would not be readily achievable, either for financial reasons or because they were technically infeasible.

6. The relief sought by plaintiff is not required by law and would impose an undue burden on defendant.

7. Plaintff is not entitled to the relief sought because fixing the barriers alleged in the Complaint, would, if granted, result in a fundamental alteration of Defendant's services.

8. Plaintiff was not a *bona fide* customer of defendant's.

9. Plaintiff had effective access to the website; any alleged barriers encountered on the site were de minimis.

10. Plaintiff's claims are barred because defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for nor sought any assistance.

11. Plaintiff's claims are barred because defendant provided, and/or was willing to provide, equivalent facilitation with respect to any barriers alleged in the complaint.

12. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought any such modifications.

13. Plaintiff's claims are barred because any action taken with respect to Plaintiff was for legitimate, non- discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

14. Plaintiff is barred from recovery by reason of the fact that plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

15. Part or all of plaintiff's damages — if any — are the result of plaintiff's failure to mitigate damages.

16. Plaintiff's claims are barred, in whole or in part, because defendant acted reasonably and in good faith at all times relevant to this lawsuit.

17. Plaintiff's claims are moot because defendant's website complies with any and all applicable standards.

18. Plaintiff is not entitled to statutory or punitive damages or fines under the applicable laws.

19. Plaintiff is unable to satisfy the criteria for maintaining a class action. The potential class and subclasses are not numerous or ascertainable. The questions of law or fact are not common to the potential class or subclasses. The claims of the plaintiff are not typical of the claims of the potential class or subclasses. The interests of the potential class and subclasses will not be fairly and adequately represented. Individual issues predominate over common issues.

20. Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any

accessibility standards for websites.

21. Plaintiff's claims are barred under the doctrine of primary jurisdiction because the Department of Justice has yet to promulgate any standards and/or regulations applying to website accessibility.

22. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

Wherefore, defendant respectfully demands judgment against plaintiff dismissing all counts of the Complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.


Dated: March 6, 2023


_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant